UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONISE CARTER, Administratrix of Estate of DONDREA LANISE CARTER, | ) ) ) | CASE NO. 1:15CV37 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | OPINION AND ORDER |
| LAKE COUNTY, OHIO AND LAKE COUNTY BOARD OF COMMISSIONERS, et al., | ) ) ) ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #39) of Plaintiff to Amend Complaint. For the following reasons, the Motion is granted. In light of this ruling, the Motions (ECF DKT #36 & ECF DKT #38) of Defendants, Marc J. McNaughton, M.D. and Prime Health, Inc., dba Lake County Family Practice, for Judgment on the Pleadings are denied as moot.

**I. BACKGROUND**

This is a civil rights and wrongful death case alleging denial of adequate medical care

to Plaintiff's decedent, Dondrea Carter, at the Lake County Adult Detention Facility. The original Complaint was filed on January 8, 2015. On April 14, 2015, the case was stayed under the Soldiers' and Sailors' Relief Act because Defendant McNaughton was deployed to Afghanistan. The matter was reinstated on May 3, 2016. Shortly thereafter, Defendants McNaughton and Prime Health moved for judgment on the pleadings. On May 31, 2016, Plaintiff moved to amend her Complaint. Defendants argue that Plaintiff should not be permitted to amend because she is merely re-framing her allegations in an attempt to survive dismissal and because the amendment would be futile.

## II. LAW AND ANALYSIS

Fed. R. Civ. P. 15(a)(2) reads in part, "The court should freely give leave [to amend] when justice so requires." However, this liberal amendment policy is not without limits. The Sixth Circuit has observed: "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)).

Plaintiff's proposed Amended Complaint (ECF DKT #39-1) alleges that, pursuant to an October 30, 2013 contract, Prime Health agreed to provide necessary, regular and routine medical services, examinations and treatment for inmates of the Lake County Jail for the time period of January 1, 2014 through December 31, 2014. Dr. McNaughton was one of Prime Health's medical professionals and he executed the contract on behalf of Prime Health.

Plaintiff also alleges that McNaughton, Prime Health and the Lake County Sheriff established the medical policies, practices and customs at the detention facility and were

responsible for training the facility staff with respect to the provision of medical care to the inmates. *Id.* at ¶¶ 38-39. However, Defendants' policies, procedures, customs, usages and protocols regarding identification, monitoring and treatment of inmates experiencing symptoms of heart attack were inadequate and were the moving force behind the injury and death of Plaintiff's decedent. *Id*. at ¶ 42.

Plaintiff's decedent was booked into the Lake County Adult Detention Facility on May 16, 2014. On May 25, 2014, she experienced chest pain along with jaw pain, chest tightness and vomiting and she asked to see the nurse. *Id.* at ¶¶ 9, 10 and 12. She told Defendant nurse, Nita Brickman, about her symptoms and Brickman administered an EKG "which showed sinus tachycardia and a millimeter increase in ST elevation." *Id*. at ¶¶ 14-15. Further,

> 16. Defendant Brickman notified Defendant Dr. McNaughton that an EKG had been performed on Ms. Carter and that the automated results displayed as normal. Dr. McNaughton did not ask any more questions about Ms. Carter's symptoms and presentation and history and he did not examine the EKG results.
>
> 17. Despite knowledge that history and presentation are crucially important with someone experiencing chest pain, Defendant Dr. McNaughton deliberately failed to ask what symptoms and signs Ms. Carter was experiencing in addition to her chest pain.

Plaintiff's decedent died on May 26, 2014 from a heart attack due to atherosclerotic coronary artery disease. *Id*. at ¶ 24.

Plaintiff alleges that: "All the Defendants acted negligently, recklessly, wantonly, willfully, knowingly, intentionally, and with deliberate indifference to the serious medical needs of Ms. Carter." *Id*. at ¶ 46. Plaintiff claims that "Defendants have, under color of state law, deprived Dondrea Carter of rights, privileges and immunities secured by the Fourteenth

and Eighth Amendments to the United States Constitution, including but not limited to the right to adequate medical care as a jail inmate." *Id*. at ¶ 51.

Plaintiff submits an Amended Affidavit of Merit (ECF DKT #39-2) from Lawrence Mendel, D.O., who is licensed to practice medicine in Ohio, certified by the American Osteopathic Board of Family Practice and is a Certified Correctional Healthcare Professional. Dr. Mendel attests that Defendants, Prime Health and McNaughton, breached the standard of care and that such breach was a direct and proximate cause of Dondrea Carter's injuries and death.

Defendants assert in their Motions that Plaintiff could have moved to amend sooner, instead of delaying until her response to dispositive motions were due. Delay, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir. 2002). In addition, the Court notes that due to the unusual posture of this case (i.e., having been stayed under the Soldiers' and Sailors' Relief Act), discovery is in the early stages. Any prejudice from entertaining an amended pleading, consequently, is minimal.

Defendant Prime Health notes, moreover, that if amendment were allowed, "it would be forced to expend additional time and expense to address the same issues in a second Motion for Judgment on the Pleadings and this Court would be forced to spend its time and resources in kind." (ECF DKT #43 at 3). Having considered this same argument, the Sixth Circuit counseled against denying an amendment "particularly where ... the newly asserted claim would be supported by facts set forth in the original claim." *Moore v. City of Paducah*, 790 F.2d 557, 561 (6th Cir. 1986). Writing in support of a proposed amendment, the Sixth Circuit also noted that "another round of motion practice ... does not rise to the level of

prejudice that would warrant denial of leave to amend." *Morse*, 290 F.3d at 801.

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir.1994). In the instant situation, the Court believes that these factors weigh in favor of allowing Plaintiff to amend.

Defendants insist that Plaintiff's proposed Amended Complaint is futile because it fails to allege facts to show that McNaughton had the sufficiently culpable state of mind to support an Eighth Amendment deliberate indifference claim. To meet the subjective component of an Eighth Amendment claim, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001), citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff alleges that McNaughton failed to inquire into what symptoms Ms. Carter complained of or displayed which led the nurse to administer an EKG and; in addition, McNaughton failed to personally examine the EKG results. The Supreme Court instructs that a prison official may "not escape liability if the evidence showed that he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist." *Farmer*, 511 U.S. at 843.

Analyzing Plaintiff's proposed Amended Complaint with the guidance of U.S.

Supreme Court and Sixth Circuit jurisprudence, the Court disagrees with Defendants that the amendment would be futile. Moreover, the Court is mindful that "federal courts have a strong preference for trials on the merits." *Clark v. Johnston,* 413 F.App'x 804, 819 (6th Cir. 2011).

### III. CONCLUSION

Therefore, Plaintiff's Motion (ECF DKT # 39) to Amend is granted and Defendants' Motions (ECF DKT ## 36 & 38) for Judgment on the Pleadings are denied as moot. Plaintiff shall file her amended pleading on or before August 5, 2016.

**IT IS SO ORDERED.**

                                          **s/ Christopher A. Boyko**
                                          **CHRISTOPHER A. BOYKO**
                                          **United States District Judge**

**Dated: July 27, 2016**