UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONISE CARTER, as Administratrix of the Estate of Dondrea Lanise Carter, Plaintiff, | ) ) ) ) ) | CASE NO. 1:15CV37 JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) ) | OPINION AND ORDER |
| LAKE COUNTY, et al., Defendants. | ) ) ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #59) of Defendants, Marc J. McNaughton, M.D. and Prime Health, Inc., d/b/a Lake County Family Practice, for Partial Summary Judgment. For the following reasons, the Motion is granted in part and denied in part.

**I. FACTUAL BACKGROUND**

This civil rights and wrongful death action was initially filed on January 8, 2015 against Lake County, Lake County Sheriff Daniel A. Dunlap, Nita L. Brickman, Marc J. McNaughton, M.D. and Prime Health, Inc. An Amended Complaint was filed on July 27,

2016. On August 16, 2016, Defendants Brickman, Lake County and Dunlap were dismissed with prejudice from the lawsuit pursuant to Stipulation (ECF DKT ##54 & 55).

Plaintiff's decedent, Dondrea Carter, was an inmate at the Lake County Adult Detention Facility ("LCADF") in May of 2014 when she complained of chest pain, jaw pain, dizziness, nausea and anxiety. Nurse Brickman administered an EKG, provided Dondrea with four packets of Pepto Bismol and returned Dondrea to her cell. Brickman informed Dr. McNaughton, the jail physician, when he arrived later, of Dondrea's medical complaints and that the results of the EKG were normal. Dr. McNaughton did not see Dondrea nor did he review the EKG results. A short time afterward, Dondrea was found unresponsive in her cell. She was transported to the local ER where she died on May 26, 2014, from a heart attack due to atherosclerotic coronary artery disease.

Donise Carter, Dondrea's mother and administratrix of her estate, brings this action for wrongful death, malpractice, negligence and violation of the Fourteenth and Eighth Amendments to the United States Constitution under 42 U.S.C. § 1983. Plaintiff alleges that Defendants failed to provide adequate medical care to Dondrea Carter, an inmate in the LCADF.

Defendants move for judgment in their favor arguing that Plaintiff is unable to satisfy her burden of proof on any of her § 1983 claims. Defendants contend that Plaintiff has no evidence that McNaughton acted with deliberate indifference nor that he was a policy-maker for LCADF or for Prime Health. Additionally, the only policy identified by Plaintiff is the Inmate Medical Service Policy (ECF DKT #59) which belongs to the jail and not to Prime Health. Finally, the failure to train claim fails because McNaughton was not obligated by the

Agreement for Professional Services (ECF DKT #62-2) to provide training; nor is there evidence that he was involved in any training of nurses or other jail staff.

Plaintiff opposes with the argument that McNaughton's inaction amounted to deliberate indifference to Dondrea's serious medical needs. Plaintiff also insists that McNaughton was responsible for promulgating medical policy for Prime Health at the jail. Moreover, Plaintiff contends that Prime Health was responsible for providing necessary, regular and routine medical services to the LCADF inmates; yet Prime Health maintained a "policy" of non-existent training and supervision.

## II. LAW AND ANALYSIS

**Standard of Review**

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**42 U.S.C. § 1983**

42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

To prove a claim under Section 1983, a plaintiff must demonstrate "that he was deprived of a right secured by the Constitution or laws of the United States, and that he was

subjected to or caused to be subjected to this deprivation by a person acting under color of state law." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir.1994).

**Governmental or Non-Governmental Defendant**

Section 1983 liability may be established against a non-governmental entity or private corporation only when a plaintiff shows that the injury resulted from a policy, practice or custom of ***that*** entity or corporation. (Emphasis added). *Jones v. Correctional Medical Services, Inc.*, 845 F.Supp.2d 824, 834 (W.D.Mich. 2012). A private company which provides medical services to inmates under contract with a county department of correction may properly be sued under Section 1983. *See Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir.1993). A plaintiff must identify a policy or custom; connect the policy or custom to the private entity and show that executing that policy or custom amounted to deliberate indifference to plaintiff's medical need. *Jones*, 845 F.Supp.2d at 835; see also *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir.1993).

**Eighth Amendment to the United States Constitution**

Plaintiff's civil rights claim relies upon the Eighth Amendment's cruel and unusual punishment clause which obligates the government to provide medical care for individuals punished by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "Treatment of a prisoner violates the Eighth Amendment when it constitutes 'deliberate indifference to [the] prisoner's serious illness or injury.'" *Estelle*, 429 at 104-05; *Jones*, 845 F.Supp.2d at 834. To establish an Eighth Amendment claim, a plaintiff must prove both an objective and a subjective component. *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir.2010), citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective aspect requires proof of a

"sufficiently serious" medical need. *Id*. To meet the subjective burden, a plaintiff must demonstrate that the official being sued (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk. *Jones*, 625 F.3d at 941, citing *Farmer*, 511 U.S. at 837. "Deliberate indifference" means more than mere negligence, but less than acting purposefully or with knowledge that harm will result. *Farmer*, 511 U.S. at 835.

**Defendant McNaughton**

The evidence in this case shows that McNaughton was on duty as the jail physician for the LCADF at the time of Dondrea Carter's incarceration. McNaughton was aware of Dondrea's serious medical need (the risk of a heart attack) based upon the information relayed to him by Nurse Brickman in the late evening hours of May 25, 2014. McNaughton admits that Dondrea's symptoms of chest pain, jaw pain and nausea were "worrisome." (McNaughton Depo., ECF DKT 62-1 at pp. 94-95). McNaughton did not look at the EKG read-out himself. McNaughton did not know whether Nurse Brickman had any experience in interpreting EKG's. (*Id*. at p. 52).

The Court finds that there is a question of fact whether Defendant McNaughton consciously disregarded the heart attack risk to Plaintiff's decedent by not taking any action, particularly, at a minimum, reviewing the EKG results himself. The Court, therefore, denies Defendant McNaughton's Motion for Summary Judgment as to the Eighth Amendment deliberate indifference claim.

**Defendants' policies, practices and customs; failure to train**

In order to succeed on her § 1983 claims, Plaintiff must identify a policy or custom. She must tie the policy or custom to Prime Health. She must show that the execution of the policy or custom constituted deliberate indifference to Dondrea's serious medical need.

Plaintiff directs the Court's attention to the Inmate Medical Service Policy promulgated by the LCADF, effective January 1, 1990 and revised on September 13, 2013. (ECF DKT #59). Plaintiff also asks the Court to consider the contract for provision of medical services to the Lake County Jail entered into by the Lake County Board of Commissioners and Prime Health on October 30, 2013.

The Inmate Medical Service Policy is the policy of Lake County and not of the private corporation, Defendant Prime Health. No evidence has been produced of any Prime Health policy governing the medical services for the LCADF.

Defendant McNaughton did not write policies or procedures for Prime Health to be used at the jail. (McNaughton Affidavit, ECF DKT #59). Nothing in the contractual agreement between Lake County and Prime Health obligated McNaughton, as the jail physician, to draft policies or procedures. (*Id*.). Plaintiff has offered no proof that Prime Health had any relevant policies for inmate medical care.

A private corporation can be liable under § 1983 only where a constitutional wrong arises from execution of ***that*** entity's policies or customs. (Emphasis added). *Monell v. Department of Social Services*, 436 U.S. 658 at 694 (1978).

Plaintiff's expert, Lawrence Mendel, opines that: "The failure to establish a chest pain protocol in a correctional facility created a substantial risk of harm and served to deprive [Dondrea] Carter of appropriate access to acute cardiac care resulting in her sudden death."

(ECF DKT #65 at p.5). Also, "Dr. McNaughton had a duty to establish protocols to evaluate detainees with chest pain symptoms." (*Id.*).

This expert opinion does not create a genuine issue precluding summary judgment regarding unconstitutional policies. Mendel's opinion that a correctional facility like the LCADF must have appropriate medical protocols for evaluating inmate's heart issues would serve to support § 1983 liability on the part of Lake County. However, the County and its related officials and staff were dismissed from this case with prejudice. Moreover, Mendel's view of McNaughton's duty to establish appropriate protocols is not based upon the facts before the Court. The contractual agreement between Lake County and Prime Health (and signed by McNaughton on behalf of Prime Health) requires Prime Health to provide:

> Necessary, regular, and routine medical services, examinations, and treatment, including dispensation of medication [by licensed physicians], for inmates of the Lake County jail; the services to be provided under this paragraph shall be a minimum of twenty (20) hours per week, and emergency calls as necessary, during the term of this Agreement.

Nowhere in the agreement is there an obligation upon Prime Health or its physicians to create medical policies and protocols.

Plaintiff cannot succeed on her § 1983 claims because she has failed to identify an unconstitutional policy or custom which is connected to Prime Health or McNaughton. *Jones*, 845 F.Supp.2d at 835.

Plaintiff insists that a reasonable jury could find Defendants liable because neither Prime Health nor McNaughton made any attempt to train LCADF medical staff, specifically regarding inmates presenting with heart attack symptoms.

Upon review of the Agreement for Professional Services (ECF DKT #62-2), the Court

can find no contractual obligation for Defendants to train the jail staff. Plaintiff's assertion that McNaughton had a supervisory role over the LCADF nurses is also of no avail. "[A] failure of a supervisory official to supervise, control, or train the offending individual officers is not actionable absent a showing that the official either encouraged the specific incident of misconduct or in some other way directly participated in it." *Hays v. Jefferson Cnty.*, 668 F.2d 869, 874 (6th Cir.1982). A plaintiff must at least show that the defendant supervisor "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Jones*, 845 F.Supp.2d at 837, citing *Hays*, 668 F.2d at 874.

Plaintiff's § 1983 claim for failure to train fails.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #59) of Defendants, Marc J. McNaughton, M.D. and Prime Health, Inc., d/b/a Lake County Family Practice, for Partial Summary Judgment is granted in part and denied in part.

**IT IS SO ORDERED.**

        **s/ Christopher A. Boyko**
        **CHRISTOPHER A. BOYKO**
        **United States District Judge**

**Dated: June 23, 2017**